**[J-82-2025] [MO: McCaffery, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 71 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1028 MDA |
| | : | 2022 entered on October 23, |
| v. | : | 2023, Affirming the Judgment of |
| | : | Sentence of the York County |
| | : | Court of Common Pleas, Criminal |
| CYNTHIA CAROLYN BLACK, | : | Division, at No. CP-67-CR- |
| | : | 0002801-2020 entered on June |
| Appellant | : | 17, 2022. |
| | : | |
| | : | ARGUED:  October 8, 2025 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  June 16, 2026**

I share Justice Brobson's view that the majority correctly determined that Black's conviction for receiving stolen property must be vacated but incorrectly interpreted the phrase "dispose of" under the statute.  I agree with Justice Brobson that "merely converting stolen property from one form to another is not the same as disposing of property, or no longer retaining stolen property, for purposes of the [receiving stolen property] statute and the commencement of the applicable statute of limitations."  Brobson, J., Concurring at 1.  I write separately to express my disagreement with the majority's dismissal of Black's conviction for theft by deception.  In my view, the Commonwealth filed its charge for theft by deception prior to the expiration of the statute of limitations.  I would therefore affirm Black's judgment of sentence on this charge.

Black's conviction for theft by deception,[1] which carries a five-year statute of limitations,[2] may be sustained if Section 5552(d) applies. *See* 42 Pa.C.S. § 5552(d) ("An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed."). Unlike the majority, I would find that Section 5552(d) applies to the theft by deception statute, as the legislative purpose to prohibit a continuing course of conduct is plainly apparent from the plain language of the statute.

When examining statutory language, we follow the rules of the Statutory Construction Act, which provides that the object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The plain language of a statute generally "provides the best indication of legislative intent." *Commonwealth v. Crosby*, 329 A.3d 1141, 1149 (Pa. 2025) (citation omitted). Relevantly, Section 3922 states that "[a] person is guilty of theft if he intentionally **obtains or withholds** property of another **by deception**. A person deceives if he intentionally . . . creates or **reinforces** a false impression, including false impressions as to law, value, intention or other state of mind[.]" 18 Pa.C.S. § 3922(a)(1) (emphasis added).

While I agree with the majority that the plain meaning of the term "obtains" is synonymous with gaining or attaining possession of the property of another, I part ways with its interpretation of the term "withholds." *See* Majority Op. at 14. The majority concedes that this word may be understood as describing continuing conduct, such as possession, but ultimately concludes it is ambiguous because it could also "mean that the

---

[1] *See* 18 Pa.C.S. § 3922(a).

[2] *See* 42 Pa.C.S. § 5552(b)(1).

defendant refused to return the property upon request" and this "would trigger the statute of limitations at a single, definite point in time." *Id.* at 15. I respectfully disagree.

In my view, the three relevant definitions of the verb "withhold" unambiguously indicate a continuing course of conduct. The first two definitions of the term "withhold" are "to hold back from action" or "to keep in custody." Merriam-Webster ("WITHHOLD"), http://www.meriam-webster.com/dictionary/withhold (last accessed 4/27/2026). "Withhold" may also mean "to refrain from granting, giving, or allowing." *Id*. All three of these definitions suggest ongoing conduct. Furthermore, it is apparent from the wording of Section 3922 that the legislature used the phrase "obtains *or* withholds" to indicate that the theft may occur at a specific point in time or continue for a period of time. *See* 42 Pa.C.S. § 3922 (emphasis added). Construing them similarly, as the majority does, would render one of these words superfluous. *See Commonwealth v. McCoy*, 962 A.2d 1160, 1168 (Pa. 2009) ("We are not permitted to ignore the language of a statute, nor may we deem any language to be superfluous.").

Critically, Section 3922(a)(1) requires that the act of obtaining or withholding the property of another be done by deception. The legislature's definition of deception indicates that deception continues through the reinforcement of a false impression. Section 3922 states that a person "deceives if he intentionally creates or **reinforces** a false impression[.]" 42 Pa.C.S. § 3922(a)(1) (emphasis added). The majority views the word "reinforces" as requiring some affirmative action by the defendant. Majority Op. at 15. I disagree that affirmative action is required. While a defendant may reinforce a false impression by taking affirmative action, so too can a defendant reinforce a false impression by failing to act.

Here, Black obtained and withheld the property of another by deception, that is, by reinforcing or failing to correct a false impression that led to the payments. This deception

did not end until Black abandoned her grandmother's body in the freezer upon moving from the York County property in May 2018. Until that point in time, Black continued the element of deception because rather than disclosing her grandmother's passing, Black continued receiving and accepting SSA payments through their shared bank account and ultimately continued to hide the body to avoid culpability for this action. The Majority holds the deception concluded when the final SSA payment was made in 2010 triggering the start of the running of the statute of limitations. Thus, Black's same continued course of conduct, hiding her grandmother's body in the freezer, now insulated her from liability so long as she continued to hide the body for the duration of what the Majority deems is the start of the five-year statute of limitation. In my view, this is nonsensical. The same conduct cannot be an element of theft by deception but also a get out of jail free card because the SSA independently ceased payment. The deception continued until the body was discovered in 2018, thus triggering the discovery of the course of conduct which commenced when Black made the decision to hide her grandmother's body and benefit from her SSA payments. The Commonwealth filed its complaint in May 2020, well before the expiration of the five-year statute of limitations began to run following the discovery of the deceased body, thus the Superior Court correctly affirmed Black's judgment of sentence for theft by deception.